# EXHIBIT A

12

```
21-2-01368-34
CMP          2
Complaint
10804296
```

E-FILED
THURSTON COUNTY, WA
SUPERIOR COURT
08/09/2021 8:03:06 AM
Linda Myhre Enlow
Thurston County Clerk

STATE OF WASHINGTON
THURSTON COUNTY SUPERIOR COURT

GELLERT DORNAY and MARK JONES,
individually and on behalf of all others similarly
situated,

        Plaintiffs,

v.

VOLKSWAGEN GROUP OF AMERICA,
INC., a New Jersey corporation,
        Defendant.

2 1 - 2 - 0 1 3 6 8 - 3 4

CLASS ACTION COMPLAINT

Plaintiffs Gellert Dornay ("Dornay") and Mark Jones ("Jones," and collectively "Plaintiffs"), individually and on behalf of all others similarly situated, allege the following based upon personal knowledge as to Plaintiffs and Plaintiffs' own acts, and upon information and belief as to all other allegations, based on investigation of counsel. This investigation included, *inter alia*, a review of public documents prepared by Defendant, media reports, and other information concerning Defendant. The investigation of the facts pertaining to this case is continuing. Plaintiffs believe that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## I. INTRODUCTION

1.  This class action suit seeks statutory damages for violations of the Washington Privacy Act, Chapter 9.73 RCW (hereafter the "WPA" or the "Act"), which forbids any entity in

CLASS ACTION COMPLAINT AND JURY DEMAND - 1

Ard Law Group PLLC
P.O. Box 11633.
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1  Washington from intercepting or recording any private communication without first
2  obtaining the consent of all the participants in the communication.[1]
3  2. Because Defendant has violated the WPA, it is liable for liquidated damages computed at
4  the rate of one hundred dollars per day for each day of violation, not to exceed one thousand
5  dollars per Plaintiff and absent class member, and a reasonable attorneys' fee and other
6  costs of litigation.
7  3. Plaintiffs are also entitled to declaratory and injunctive relief that Defendant has violated
8  the WPA, and enjoining further violations.

9  ## II.   JURISDICTION AND VENUE

10  4. This Court has jurisdiction over the subject matter of this lawsuit and over the parties to
11  the lawsuit.
12  5. Venue is proper in this Court pursuant to RCW 4.12.025 because Defendant resides in this
13  county.

14  ## III.   PARTIES

15  6. Plaintiff Dornay is now, and at all times relevant to this Complaint has been, a Washington
16  resident.
17  7. Plaintiff Jones is now, and at all times relevant to this Complaint has been, a Washington
18  resident.
19  8. Defendant Volkswagen Group of America, Inc. is a New Jersey corporation with its
20  principal place of business in Herndon, Virginia.
21  9. Volkswagen Group of America, Inc. is a wholly-owned subsidiary of Volkswagen
22  Aktiengesellschaft ("VWAG"), a multinational automotive manufacturing company
23  headquartered in Wolfsburg, Germany. VWAG is the ultimate parent and controlling
24
25
26  [1] As described below, Plaintiffs seek to represent a class consisting of: *"All persons, who in the three years prior to the date of filing this Complaint, had their text messages recorded by the infotainment system in a VW vehicle (Volkswagen, Audi, Bentley, Bugatti, or Lamborghini) while a resident of the State of Washington."*
27

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1   company of numerous subsidiary companies and organizations. VWAG, assisted by its
2   affiliates and subsidiaries, develops, produces, and sells vehicles for, *i.a.*, Volkswagen,
3   Audi, Bentley, Bugatti, and Lamborghini. Together herein, these are referred to as "VW
4   vehicles" or "vehicles manufactured by VW."

5   10.   Volkswagen Group of America, Inc. (hereafter, "VW") advertises, markets, sells, and
6   leases VW vehicles through dealers and independent distributors across the United States.

## IV.   FACTS

8   A.   **VW vehicle infotainment systems.**

9   11.   Modern vehicles, including vehicles manufactured by VW, contain "infotainment
10   systems."

11   12.   Infotainment systems in VW vehicles include methods for the system to connect to a
12   smartphone, both by USB and by Bluetooth.

13   13.   Once a smartphone is connected to the infotainment system in a VW vehicle, the system
14   offers additional apps and functionality native to the smartphone but controlled and
15   accessed through the infotainment system controls rather than through the smartphone.

16   14.   These can include, for example, the ability to play music stored on or streamed through the
17   smartphone through the vehicle's speakers, and to use the smartphone's satellite
18   navigation software through the infotainment system screen and vehicle speakers for turn-
19   by-turn directions.

20   15.   Infotainment systems in VW vehicles also include the ability to make and receive telephone
21   calls on a connected smartphone, using the vehicle microphone and speakers and thereby
22   operating hands-free.

23   16.   At all relevant times, infotainment systems in VW vehicles also interface with the
24   smartphone's text messaging system.

25   17.   Infotainment systems in VW vehicles are designed to work specifically with at least the two
26   major smartphone operating systems: CarPlay for Apple smartphones (iPhones) and
27   Android Auto for Android smartphones.

CLASS ACTION COMPLAINT AND JURY DEMAND - 3

18. On information and belief, infotainment systems in VW vehicles from at least 2014 onward also download and store a copy of all text messages on smartphones when those phones are connected to the infotainment system.

19. On information and belief, third party Berla Corporation ("Berla"), based in Annapolis, Maryland, manufactures equipment (hardware and software) capable of extracting stored text messages from infotainment systems in VW vehicles.

20. On information and belief, the Berla system is not generally available to the general public.

21. Berla states that "Our vehicle forensics tools are available to law enforcement, military, civil and regulatory agencies, and select private industry organizations."[2]

22. On information and belief, infotainment systems in VW vehicles automatically download a copy of every text message stored on any phone connected to the system and stores that copy in computer memory on the vehicle in such a manner that the vehicle owner cannot access it.

23. However, according to Berla, while a vehicle owner cannot retrieve that text message, Berla and VW have ensured that law enforcement can.

24. According to a 2017 report in CyberScoop, Ben LeMere, the CEO and founder of Berla, bragged in 2014 that "We've been working directly with the [original equipment manufacturers] themselves to educate them. Hey, 'this is privacy data,' 'this is what you need to secure.' *But we only do that when it's part of an agreement that they will allow law enforcement in.*"[3] (Emphasis added.)

25. In a story published by NBC News, NBC quoted LeMere from a podcast as follows: " 'People rent cars and go do things with them and don't even think about the places they are going and what the car records,' LeMere said in a June interview for a podcast made by

---

[2] *See* https://berla.co/ (last accessed May 24, 2021).

[3] *See* https://www.cyberscoop.com/berla-car-hacking-dhs/ (last accessed May 24, 2021 and attached hereto as Exhibit A). That article refers to, and quotes, a 19:52 minute presentation found at https://www.youtube.com/watch?v=E0DQEVgJY5k.

CLASS ACTION COMPLAINT AND JURY DEMAND - 4

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1    Cellebrite, a company that makes tools to help law enforcement agencies extract data from
2    locked mobile phones. 'Most of them aren't doing anything wrong, but it's pretty funny to
3    see the hookers and blow request text messages and answers.'"[4]

4  26.  A recent article published by The Intercept quoted LeMere as follows: "In a 2015
5    appearance on the podcast 'The Forensic Lunch,' LeMere told the show's hosts how the
6    company uses exactly this accidental-transfer scenario in its trainings: 'Your phone died,
7    you're gonna get in the car, plug it in, and there's going to be this nice convenient USB
8    port for you. When you plug it into this USB port, it's going to charge your phone,
9    absolutely. And as soon as it powers up, it's going to start sucking all your data down into
10   the car.'"[5]

11 27.  The Intercept article continues: "In the same podcast, LeMere also recounted the
12   company pulling data from a car rented at BWI Marshall Airport outside Washington,
13   D.C.: 'We had a Ford Explorer ... we pulled the system out, and we recovered 70 phones
14   that had been connected to it. All of their call logs, their contacts and their SMS history, as
15   well as their music preferences, songs that were on their device, and some of their Facebook
16   and Twitter things as well. ... And it's quite comical when you sit back and read some of
17   the the [sic] text messages.'"[6]

18 28.  On information and belief, a reasonable opportunity for discovery will show that
19   infotainment systems in VW vehicles automatically download a copy of all text messages
20   from connected smartphones and store them in onboard computer memory.

---

[4] *See* https://www.nbcnews.com/tech/tech-news/snitches-wheels-police-turn-car-data-destroy-suspects-alibis-n1251939 (last accessed May 24, 2021 and attached as Exhibit B). That article purports to hyperlink to a podcast at https://www.cellebrite.com/en/series/vehicle-data-extractions-ben-lemere-ceo-at-berla-vehicle-forensics/ but no such podcast appears at that URL as of May 24, 2021.

[5] *See* https://theintercept.com/2021/05/03/car-surveillance-berla-msab-cbp/ (last accessed May 24, 2021 and attached as Exhibit C). The article contains no internal link to this referenced podcast.

[6] *Id.*

CLASS ACTION COMPLAINT AND JURY DEMAND - 5

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

29. On information and belief, a reasonable opportunity for discovery will show that the onboard stored copy of text messages cannot be accessed by vehicle owners.

30. On information and belief, a reasonable opportunity for discovery will show that the onboard stored copy of text messages can be accessed by someone using hardware and software designed and sold by Berla.

31. Berla specifically restricts access to its systems, making them available primarily to law enforcement and private investigation service providers.

32. No Plaintiff is able to acquire a Berla system in order to be able to access the text messages stored on his own or any other VW vehicle.

**B. Plaintiff Dornay's VW infotainment system, smartphone, and text messages.**

33. Plaintiff Dornay owns a 2015 vehicle manufactured by VW.

34. Plaintiff Dornay's VW vehicle is equipped with an infotainment system that syncs to any smartphone either plugged into the system through a USB cable or connected via Bluetooth.

35. Plaintiff Dornay owns a smartphone.

36. The infotainment system on Plaintiff Dornay's VW is a device designed to record text communications.

37. In the past three years, on more than ten occasions, Plaintiff Dornay connected his smartphone into the infotainment system in his VW vehicle.

38. Plaintiff Dornay never consented to VW downloading and storing his text messages, and similarly did not consent to third parties such as Berla or law enforcement having access to copies of such text messages made by his VW infotainment system.

39. On at least ten occasions in the past three years, Plaintiff Dornay connected his smartphone to his VW vehicle infotainment system at a time that it had at least one text message stored on it.

40. Each of Plaintiff Dornay's text messages was and is a private communication, inasmuch as Plaintiff Dornay had not shared the messages with anyone other than the recipients.

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

41. On information and belief, a reasonable opportunity for discovery will show that each text message on Plaintiff Dornay's smartphone was downloaded and recorded onto onboard vehicle memory by his VW vehicle's infotainment system.

42. VW was not a party to any of the text messages.

43. By the foregoing conduct, VW recorded the text messages through the infotainment system.

44. On information and belief, a reasonable opportunity for discovery will show that Plaintiff Dornay's VW vehicle infotainment system wrongfully retains the recorded copy of Plaintiff Dornay's text message for more than ten days.

**C.    Plaintiff Jones's text messages.**

45. In the past three years, Plaintiff Jones sent at least one text message to Plaintiff Dornay.

46. Plaintiff Dornay thereafter connected his smartphone to the infotainment system in his VW vehicle.

47. On information and belief, a reasonable opportunity for discovery will show that Plaintiff Jones's text message to Plaintiff Dornay was downloaded and recorded onto onboard vehicle memory by Plaintiff Dornay's VW vehicle infotainment system.

48. VW was not a party to the text message.

49. By the foregoing conduct, VW intercepted and recorded the text messages through the infotainment system.

50. On information and belief, a reasonable opportunity for discovery will show that Plaintiff Dornay's VW vehicle infotainment system wrongfully retains the recorded copy of Plaintiff Jones's text message for more than ten days.

**D.    Privacy of text messages; Non-consent to VW's interception and recording.**

51. Each of Plaintiff Dornay's text messages is a private communication between Plaintiff Dornay and his interlocutor.

52. Plaintiff Dornay has never consented to VW intercepting his text messages.

53. Plaintiff Dornay has never consented to VW recording his text messages.

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

54. Plaintiff Dornay has never inquired of an interlocutor to his text messages whether the counterparty consents to VW intercepting and recording the text messages.

55. As such, no interlocutor of Plaintiff Dornay has ever consented to VW intercepting and/ or recording their text messages.

56. VW's intercepting and recording of Plaintiff Dornay's text messages has injured Plaintiff Dornay. On information and belief, Plaintiff Dornay's private and confidential text messages now reside on his VW vehicle, can be accessed by Berla systems, and cannot be deleted by Plaintiff Dornay. Each of Plaintiff Dornay's private and confidential text messages is accessible at any time by law enforcement, by Berla, and by similar private actors.

57. VW has also injured Plaintiff Dornay by depriving him of the right and ability to engage in private text communications without unwillingly allowing VW to intercept and record a copy for access by third parties such as Berla and law enforcement.

58. Each of Plaintiff Jones' text messages is a private communication between Plaintiff Jones and his interlocutor.

59. Plaintiff Jones has never consented to VW intercepting his text messages.

60. Plaintiff Jones has never consented to VW recording his text messages.

61. VW's recording of Plaintiff Jones's text messages has injured Plaintiff Jones. On information and belief, Plaintiff Jones's private and confidential text messages now reside on Plaintiff Dornay's VW vehicle, and can be accessed by Berla systems, and cannot be deleted by either Plaintiff Dornay or Jones. Each of Plaintiff Jones' private and confidential text messages to Plaintiff Dornay is accessible at any time by law enforcement, by Berla, and by similar private actors.

62. VW has injured Plaintiff Jones by depriving him of the right and ability to engage in private text communications without unwillingly allowing VW to intercept and record a copy for access by third parties such as Berla and law enforcement.

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

# V. CLASS ALLEGATIONS

63. Plaintiffs bring this action as a class action pursuant to Civil Rule 23 on behalf of the following Classes of persons:

All persons, who within three years prior to the filing of this Complaint, had their text messages recorded by the infotainment system in a VW vehicle (Volkswagen, Audi, Bentley, Bugatti, or Lamborghini) while a resident of the State of Washington.

Excluded from the Class are Defendant VW and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

64. On information and belief, VW vehicles have intercepted and recorded text messages from numerous Washington persons.

65. On information and belief, the Class is so numerous that joinder of all affected persons is impracticable and the disposition of their claims in a class action, rather than in individual actions, will benefit both the parties and the courts.

66. On information and belief, Class members may be identified from records maintained by one or more of the Washington Department of Licensing, VW, and/or Berla, and may be notified of the pendency of this action by mail or electronic mail using the form of notice similar to that customarily used in class actions.

67. Plaintiffs' claims are typical of the claims of the other members of the Class.

68. All members of the Class have been and/or continue to be similarly affected by VW's wrongful conduct as complained of herein. Plaintiffs are unaware of any interests that conflict with or are antagonistic to the interests of the Class.

69. Plaintiffs will fairly and adequately protect the Class members' interests and have retained counsel competent and experienced in class actions and complex litigation. Plaintiffs and Plaintiffs' counsel will adequately and vigorously litigate this class action, and Plaintiffs are aware of their duties and responsibilities to the Class.

70. VW has acted with respect to the Class in a manner generally applicable to each Class member. Common questions of law and fact exist as to all Class members and predominate

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1   over any questions affecting individual Class members. The questions of law and fact
2   common to the Class include, *inter alia*:

3        a.  Whether VW recorded private communications and conversations without the
4           consent of all participants in the communication and conversations; and
5        b.  The remedies available to Plaintiffs and the Class.

6   71.   A class action is superior to all other available methods for the fair and efficient adjudication
7   of this controversy since joinder of all Class members is impracticable. Furthermore, as the
8   statutory damages suffered by individual Class members is relatively small, the expense and
9   burden of individual litigation makes it impossible as a practical matter for Class members
10   to individually redress the wrongs done to them. There will be no difficulty in managing
11   this action as a class action.

12   72.   VW has acted on grounds generally applicable to the entire Class with respect to the
13   matters complained of herein, thereby making appropriate the relief sought herein with
14   respect to the Class as a whole.

15   VI.   CAUSES OF ACTION

16   A.   First Cause of Action: Washington Privacy Act

17   73.   Plaintiffs hereby incorporate by reference the allegations contained in the preceding
18   paragraphs of this Complaint.

19   74.   This First Cause of Action is brought pursuant to the Washington Privacy Act, Chapter
20   9.73 RCW, on behalf of the Class, against VW.

21   75.   As to each Plaintiff and member of the Class, VW recorded private communications
22   transmitted by telephone, telegraph, radio, or other device between two or more individuals
23   between points within or without the state of Washington by means of a device designed to
24   record or transmit said communication.

25   76.   As to each Plaintiff and member of the Class, VW did not first obtain the consent of all the
26   participants in such communications.

27

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

77.    VW recorded private conversations by means of a device designed to record or transmit such conversation without first obtaining the consent of all the persons engaged in the conversation.

78.    VW is therefore liable to each Plaintiff and member of the Class for liquidated damages computed at the rate of one hundred dollars a day for each day of violation, not to exceed one thousand dollars for each Plaintiff and member of the Class, and a reasonable attorneys' fee and other costs of litigation, as provided by RCW 9.73.060.

79.    VW's acts and practices in violation of Chapter 9.73 RCW as complained of herein have injured the persons of Plaintiffs and each member of the Class.

80.    Because VW's wrongful interception, recordation and retention of text messages as alleged above has occurred on more than ten separate occasions and/ or continued for more than ten days, Plaintiffs are entitled to $1,000 of statutory liquidated damages.

81.    Each member of the Class is therefore entitled to $1,000 of statutory liquidated damages.

82.    Plaintiff therefore seeks recovery of damages, including specifically statutory damages, on his own behalf and on behalf of each member of the Class, together with the costs of the suit, including reasonable attorneys' fees and other costs of litigation.

**B.**    **Second Cause of Action: Declaratory Relief**

83.    Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

84.    This Second Cause of Action is brought pursuant to the Uniform Declaratory Judgments Act, Chapter 7.24 RCW, on behalf of the Class, against VW.

85.    Plaintiffs seek a declaration that VW's conduct violates the Washington Privacy Act.

**C.**    **Third Cause of Action: Injunctive Relief**

86.    Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

87.   Plaintiffs seek an injunction from this Court, enjoining VW from further interception and recordation of text messages by use of its infotainment systems, and ordering VW to cause its infotainment systems to delete all stored text messages.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the Class prays for relief and judgment as follows:

A.   Declaring that this action is properly maintainable as a class action under Civil Rule 23, and certifying Plaintiffs as the Class representative and their counsel as Counsel for the Class;

B.   Declaring that VW recorded private communications and conversations in violation of the Washington Privacy Act;

C.   Awarding Plaintiffs and the members of the Classes the remedy of liquidated damages at the rate of one hundred dollars a day for each day of violation, not to exceed one thousand dollars, and a reasonable attorneys' fee and other costs of litigation;

D.   Enjoining further violations of the WPA; and

Such other and further relief as this Court may deem just and proper.

## VIII. JURY DEMAND

Plaintiff and the Class hereby demand a trial by jury.

///

///

August 9, 2021.

ARD LAW GROUP PLLC

By:   Joel B. Ard, WSBA # 40104
Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243
ATTORNEYS FOR PLAINTIFF AND THE
PUTATIVE CLASS

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

EXHIBIT B



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 23629015**
**Date Processed: 08/13/2021**

**Primary Contact:**   Stevi McIntosh
Volkswagen Group of America, Inc.
2200 Woodland Pointe Avenue
Herndon, VA 20171

| | |
|---|---|
| **Entity:** | Volkswagen Group of America, Inc. |
| | Entity ID Number  0456194 |
| **Entity Served:** | Volkswagen Group of America, Inc. |
| **Title of Action:** | Gellert Dornay vs. Volkswagen Group of America, Inc. |
| **Matter Name/ID:** | Gellert Dornay vs. Volkswagen Group of America, Inc. (11485449) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Thurston County Superior Court, WA |
| **Case/Reference No:** | 21-2-01368-34 |
| **Jurisdiction Served:** | Washington |
| **Date Served on CSC:** | 08/12/2021 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Joel B. Ard |
| | 206-701-9243 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT C

2

```
21-2-01368-34
SM           3
Summons
10804301
```

E-FILED
THURSTON COUNTY, WA
SUPERIOR COURT
08/09/2021 8:02:42 AM
Linda Myhre Enlow
Thurston County Clerk

## STATE OF WASHINGTON
### THURSTON COUNTY SUPERIOR COURT

GELLERT DORNAY and MARK JONES,
individually and on behalf of all others similarly
situated,

*Plaintiffs,*

v.

VOLKSWAGEN GROUP OF AMERICA,
INC., a New Jersey corporation,
*Defendant.*

21 - 2 - 01368 - 34

SUMMONS

TO THE DEFENDANT:

A lawsuit has been started against you in the above-entitled court by Gellert Dornay and Mark Jones, Plaintiffs. Plaintiffs' claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, by filing the original response with the above-entitled court, and by serving a copy upon the plaintiff within 20 days after service of this summons (or 60 days if this summons was served outside the State of Washington) excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance, you are entitled to notice before a default judgment may be entered. A copy of all responsive pleadings must be filed with the court.

SUMMONS - 1
*DORNAY v. VW*

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1      If you wish to seek the advice of an attorney in this matter, you should do so promptly so

2 that your written response, if any, may be served on time.

3      This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State

4 of Washington.

5

6 August 9, 2021.

7

8                                   ARD LAW GROUP PLLC

9

10                     By:

11

12                                     Joel B. Ard, WSBA # 40104

13                                     Ard Law Group PLLC
                                    P.O. Box 11633

14                                     Bainbridge Island, WA 98110
                                    206.701.9243

15                                     Joel@Ard.law

16                                     ATTORNEYS FOR PLAINTIFFS AND
                                    THE PUTATIVE CLASS

17

18

19

20

21

22

23

24

25

26

27

SUMMONS - 2
*DORNAY V. VW*

EXHIBIT D

FILED
THURSTON COUNTY, WA
SUPERIOR COURT
08/09/2021 12:56:21 PM
Linda Myhre Enlow
Thurston County Clerk

---

**SUPERIOR COURT OF WASHINGTON
IN AND FOR THURSTON COUNTY**

---

GELLERT DORNAY ET AL

VS

VOLKSWAGEN GROUP OF AMERICA INC.

No. 21-2-01368-34

**NOTICE OF ASSIGNMENT AND NOTICE OF
TRIAL SETTING DATE**

TO:  THURSTON COUNTY CLERK
ATTORNEYS/LITIGANTS

PLEASE TAKE NOTICE:

1. That the above-noted case number is assigned to: **The Honorable Erik D Price**

2. That the trial setting date for this case is: **December 10, 2021**

---

**Do not come to court on the trial scheduling date.** Do not call or e-mail the court. Instead, file a scheduling questionnaire and serve it on the other parties. The questionnaire is attached to this notice. Review Local Court Rule 40 for more information about scheduling.

---

3. **Plaintiff:** You must serve both this notice and a <u>blank</u> scheduling questionnaire 14 days prior to the trial setting date. If there is no proof of service, the court will not issue a case scheduling order. You must file a <u>completed</u> scheduling questionnaire 5 court days prior to the trial setting date.

4. **All Other Parties:** You must file and serve a completed scheduling questionnaire 2 court days prior to the trial setting date. Joint submissions by both parties are also accepted on this date.

5. Failure to timely submit a scheduling questionnaire shall not be grounds to delay issuing a case schedule order, and it shall not be grounds to continue the trial unless good cause is demonstrated.

6. The court will not issue a case schedule order unless the case is ready to be scheduled. "Readiness" for scheduling is explained in Local Court Rule 40, which is available on the court's web site and in law libraries.

7. Parties can obtain an earlier trial scheduling date by filing and serving a notice of issue form.

Dated on this the 9th day of August, 2021.

NOTICE OF ASSIGNMENT

THURSTON COUNTY SUPERIOR COURT
2000 LAKERIDGE DR SW
OLYMPIA WA 98502

EXHIBIT E

21-2-01368-34
CICS          1
Case Information Cover Sheet
10804295

E-FILED
THURSTON COUNTY, WA
SUPERIOR COURT
08/09/2021 8:03:10 AM
Linda Myhre Enlow
Thurston County Clerk

## CIVIL
## THURSTON COUNTY SUPERIOR COURT
Case Information Cover Sheet (CICS)

Case Number __21-2-01368-34__    Case Title __Dornay v. Volkswagen Group of America, Inc.__

Attorney Name __Joel Ard__ _____    Bar Membership Number __40104__

Alternate Email Address: __joel@ard.law__ _____
**(New Case Number will be Sent to this Email Address)**

Please check one category that best describes this case for indexing purposes. Accurate case indexing not only saves time in docketing new cases, but helps in forecasting needed judicial resources. Cause of action definitions are listed on the back of this form. Thank you for your cooperation.

| | | | | | |
|---|---|---|---|---|---|
| ☐ | ABJ | Abstract of Judgment | ☐ | PRG | Property Damage – Gangs |
| ☐ | ALR | Administrative Law Review | ☐ | PRP | Property Damages |
| ☐ | ALRJT | Administrative Law Review-Jury Trial (L&I) | ☐ | QTI | Quiet Title |
| ☐ | CRP | Petition for Certificate of Restoration of Opportunity | ☐ | RDR | Relief from Duty to Register |
| ☐ | CHN | Non-Confidential Change of Name | ☐ | RFR | Restoration of Firearm Rights |
| ☐ | COL | Collection | ☐ | SDR | School District-Required Action Plan |
| ☐ | CON | Condemnation | ☐ | SPC | Seizure of Property-Commission of Crime |
| ☐ | COM | Commercial | ☐ | SPR | Seizure of Property-Resulting from Crime |
| ☐ | DOL | Appeal Licensing Revocation | ☐ | STK | Stalking Petition |
| ☐ | DVP | Domestic Violence | ☐ | SXP | Sexual Assault Protection |
| ☐ | EOM | Emancipation of Minor | ☐ | TAX | Employment Security Tax Warrant |
| ☐ | FJU | Foreign Judgment | ☐ | TAX | L & I Tax Warrant |
| ☐ | FOR | Foreclosure | ☐ | TAX | Licensing Tax Warrant |
| ☐ | FPO | Foreign Protection Order | ☐ | TAX | Revenue Tax Warrant |
| ☐ | HAR | Unlawful Harassment | ☐ | TMV | Tort – Motor Vehicle |
| ☐ | INJ | Injunction | ☐ | TRJ | Transcript of Judgment |
| ☐ | INT | Interpleader | ☒ | TTO | Tort – Other |
| ☐ | LCA | Lower Court Appeal – Civil | ☐ | TXF | Tax Foreclosure |
| ☐ | LCI | Lower Court Appeal – Infractions | ☐ | UND | Unlawful Detainer – Commercial |
| ☐ | LUPA | Land Use Petition Act | ☐ | UND | Unlawful Detainer – Residential |
| ☐ | MAL | Other Malpractice | ☐ | VAP | Vulnerable Adult Protection Order |
| ☐ | MED | Medical Malpractice | ☐ | VVT | Victims of Motor Vehicle Theft-Civil Action |
| ☐ | MHA | Malicious Harassment | ☐ | WDE | Wrongful Death |
| ☐ | MSC2 | Miscellaneous – Civil | ☐ | WHC | Writ of Habeas Corpus |
| ☐ | MST2 | Minor Settlement – Civil (No Guardianship) | ☐ | WMW | Miscellaneous Writs |
| ☐ | PCC | Petition for Civil Commitment (Sexual Predator) | ☐ | WRM | Writ of Mandamus |
| ☐ | PFA | Property Fairness Act | ☐ | WRR | Writ of Restitution |
| ☐ | PIN | Personal Injury | ☐ | WRV | Writ of Review |
| ☐ | PRA | Public Records Act | ☐ | XRP | Extreme Risk Protection Order |

**IF YOU CANNOT DETERMINE THE APPROPRIATE CATEGORY, PLEASE DESCRIBE THE CAUSE OF ACTION BELOW.**

_____

_____

_Please Note: Public information in court files and pleadings may be posted on a public Web site._